IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15-CV-11891 |
| v. ) | |
| ) | Hon. Amy J. St. Eve |
| JAKEFFE HOLT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On November 30, 2015, petitioner Jakeffe Holt ("Petitioner") filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's § 2255 motion. The Court, however, certifies an issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**PROCEDURAL BACKGROUND**

On September 23, 2004, the Special March 2004 Grand Jury returned a one-count indictment (the "Indictment") against Petitioner in *United States v. Jakeffe Holt*, No. 04-cr-840. Count One charged Petitioner with knowingly possessing a firearm, namely a Smith and Wesson, Model 908, Blue Steel, 9 millimeter caliber, semi-automatic pistol bearing serial number VDK 7317, in and affecting interstate commerce in that the firearm had traveled in interstate commerce before Petitioner's possession of the firearm, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

On March 30, 2005, after a one-day jury trial, the jury found Petitioner guilty of Count One. Later, on October 28, 2005, the district court sentenced Petitioner to two-hundred months' imprisonment and three years' supervised release, in part, pursuant to the Armed Career Criminal Act ("ACCA") sentencing enhancement under 18 U.S.C. § 924(e).

On November 30, 2015, Petitioner sought leave under 28 U.S.C. § 2244(b)(3) to file the immediate 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (R. 1.) The government conceded that Petitioner made a prima facie showing that his sentence may violate *United States v. Johnson*, 135 S. Ct. 2551 (2015). As a result, on December 30, 2015, the Seventh Circuit granted Petitioner's motion. Importantly, the Seventh Circuit cautioned that its "review [was] necessarily cursory," simply finding that Petitioner's "claim is arguable." (R. 2.)

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878–79 (7th Cir. 2013); *see also Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Specifically, under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a § 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (relief under § 2255 "will not be allowed to do service for an appeal").

ANALYSIS

**I.     Sentence Under 18 U.S.C. § 924(e)**

Petitioner argues that his sentence was erroneous. Specifically, Petitioner contends that his 1991 Illinois "burglary" violation does not qualify as an ACCA predicate offense. Indeed, he first claims that his Illinois burglary offense cannot fall within the ACCA's residual clause after *Johnson v. United States*. (*See* R. 9 at 2, citing *Johnson v. United States*, 135 S. Ct. 2551, 2557, 192 L. Ed. 2d 569 (2015).) "Nor," Petitioner maintains, "does it qualify under ACCA's enumerated crimes clause." (R. 9 at 2, citing *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).) Thus, Petitioner concludes, his predicate burglary "cannot be used as an ACCA predicate," making his imposed sentence enhancement unlawful. (*Id*. at 10.) The government, however, disagrees. Instead, the government maintains that "Holt's third conviction, a burglary conviction, does qualify as an ACCA predicate under the enumerated offenses portion[.]" (R. 10 at 8, R. 15 at 3 (citing *United States v. Dawkins*, 809 F.3d 953 (7th Cir. 2016)).) The Court agrees.

**A.     The ACCA**

The ACCA states the following, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). Further, the ACCA defines a "violent felony" predicate offense as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

The ACCA's "violent felony" predicate offenses have historically fallen into one of two categories: 1) the ACCA's enumerated offenses (i.e. acts of "burglary, arson, or extortion, [or] involv[ing] use of explosives") or 2) the ACCA's residual clause (i.e. acts "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another"). *See* 18 U.S.C. § 924(e)(2)(B). In *Johnson*, however, the Supreme Court found the ACCA's residual clause unconstitutional. *See Johnson*, 135 S. Ct. at 2557 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). As such, violent felonies must now fall within the ACCA's enumerated offenses to qualify as a predicate offense. Thus, the Court's analysis hinges on whether Petitioner's Illinois burglary conviction, in violation of 720 ILCS 5/19-1, qualifies as a "violent felony" within the ACCA's enumerated predicate offenses. It does.

### B. Burglary as an ACCA Predicate Offense

In *Taylor v. United States*, the Supreme Court established a uniform "burglary" definition for the purposes of sentencing under the ACCA. *See Taylor v. United States*, 495 U.S. 575, 592, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) ("We think that "burglary" in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."); *see also Descamps*, 133 S. Ct. at 2283 ("We begin with *Taylor v. United States*, which established the rule for determining when a defendant's prior conviction counts as one of

4

ACCA's enumerated predicate offenses (*e.g.*, burglary).") (citing *Taylor*, 495 U.S. 575)). "Congress meant by 'burglary,'" the Court held, "the generic sense in which the term is now used in the criminal codes of most States." *Id*.at 598 (citing *Perrin v. United States*, 444 U.S. 37, 45, 100 S. Ct. 311, 62 L. Ed. 2d 199 (1979)). Acknowledging that "the exact formulations vary" across states, the Court concluded that, with regard to the ACCA, "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id*. (citing W. LaFave & A. Scott, *Substantive Criminal Law* § 8.13(a), (c), (e)). Thus, "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599.

Further, in *Descamps*, the Supreme Court elaborated on what constitutes "unlawful entry." *See Descamps*, 133 S. Ct. at 2285–86. The Court concluded that the generic burglary offense established in *Taylor* "excludes any case in which a person enters premises open to the public, no matter his intent; the generic crime requires breaking and entering or similar unlawful activity." *Id*. at 2292 (citing 3 W. LaFave, *Substantive Criminal Law* § 21.1(a) (2d ed. 2003)). Indeed, applying this definition, the Supreme Court ruled that "because California, to get a [burglary] conviction, need not prove that [defendant] broke and entered . . . a [California Penal Code Ann. § 459] violation cannot serve as an ACCA predicate." *Id*. at 2285–86.

### C. Illinois's Burglary Statute Qualifies as an ACCA Predicate Offense

The Illinois burglary statute provides, in relevant part, that

> A person commits burglary when without authority he or she knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof, with intent to commit therein a felony or theft.

5

720 ILCS 5/19-1; *see also* (R. 1 at 12, Exh. 3.)

At the heart of the Court's inquiry is whether the Illinois burglary statute's "without authority" element amounts to "breaking and entering or similar unlawful activity." *Descamps*, 133 S. Ct. at 2292. Significantly, however, Petitioner admits that it does. (*See* R. 9 at 2 ("Petitioner readily admits that the Seventh Circuit has declared Illinois burglary to qualify under ACCA's enumerated clause.") Moreover, he "recognizes that this Court must follow Seventh Circuit precedent." (*Id.*)

"Residential burglary . . . which is committed when a defendant 'knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another . . . with the intent to commit therein a felony or theft' satisfies the ruling in *Taylor*, 495 U.S. at 599, that 'a person has been convicted of burglary *for purposes of a § 924(e) enhancement* if he is convicted of any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *Dawkins*, 809 F.3d at 954 (citing 720 ILCS 5/19-3) (emphasis in original). Indeed, "Illinois courts, like federal courts, use terms like unlawfully, unauthorized, without consent, and without authority interchangeably." *Id.* at 955 (citing *People v. Heinz*, 407 Ill. App. 3d 1016, 349 Ill. Dec. 591, 946 N.E.2d 1087, 1093 (2011); *People v. Bradford*, 386 Ill. Dec. 834, 21 N.E.3d 753, 759–60 (Ill. App. 2014); *United States v. Thornton*, 463 F.3d 693, 702 (7th Cir. 2006)). Other courts have reached similar conclusions. *See id.* (citing *United States v. Ramirez-Flores*, 743 F.3d 816 (11th Cir. 2014) (equating an entry "without consent" to an "unlawful or unprivileged entry"); *United States v. Bonilla*, 687 F.3d 188, 192–93 (4th Cir. 2012) (equating an entry "without effective consent of the owner" to an "unlawful or unprivileged entry"); *United States v. Constantine*, 674 F.3d 985, 990 (8th Cir. 2012) (entering "without consent" meets the *Taylor* definition of burglary); *United*

*States v. King*, 422 F.3d 1055, 1058 (10th Cir. 2005) (entering "without authority or permission" meets the *Taylor* definition of burglary); *United States v. Tighe*, 266 F.3d 1187, 1196 (9th Cir. 2001) (An "unauthorized entry" meets the *Taylor* definition of burglary)).

Petitioner's counterargument is unpersuasive. Specifically, he contends that, under *Descamps*, "the conduct necessary to commit a violation of the Illinois statute is broader than is permitted under the definition of generic burglary, specifically the unlawful entry element." (R. 9 at 8.) "No particular level of force," however, "is required for a burglary to count as a predicate—in fact no force at all . . .The important point is that the entry is unlawful, which is to say without authorization—the practical equivalent of the older term 'breaking and entering.'" *Dawkins*, 809 F.3d at 955–56.

As such, Petitioner's Illinois burglary offense qualified as an ACCA predicate offense. In imposing the ACCA enhancement, the sentencing court did not rely on the ACCA's residual clause in violation of *Johnson*. Instead, Petitioner's Illinois burglary violation aligned with the Supreme Court's generic burglary definition in *Taylor* and fell within the ACCA's enumerated offenses. Thus, the sentencing court properly applied the ACCA sentencing enhancement.

## II.     Certificate of Appealability

In light of Petitioner's admission, noted above, Petitioner ultimately "writes to preserve this issue for appeal" and seeks a "certificate of appealability." (R. 9 at 2.) The government, however, argues that Defendant "has failed" to make the proper showing. (R. 15 at 4.) The Court disagrees. For the following reasons, the Court grants Petitioner's request.

Under the 2009 amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Indeed, under 28 U.S.C. § 2253(c)(2), a petitioner does not

have the absolute right to appeal a district court's denial of his Section 2255 motion. Instead, the petitioner must first request a certificate of appealability. Therefore, given the Court's ruling, the Court must determine whether to grant Petitioner a certificate of appealability. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 649, n.5, 181 L. Ed. 2d 619 (2012).

A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrill*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *see also White v. United States*, 745 F. 3d 834, 835 (7th Cir. 2014). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).

Here, Petitioner successfully illustrates that "reasonable jurists" can debate whether Illinois's burglary statute qualifies as an ACCA predicate offense after the Supreme Court's decisions in *Johnson*, *Taylor*, and *Descamps*. Indeed, Judge Ripple dissented in *Dawkins*, stressing this very point. *Dawkins*, 809 F.3d at 956 (Ripple, J., dissenting) (Stating that this question "raises an important question under the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 and *Descamps v. United States*, 133 S. Ct. 2276 that we ought to address more carefully than the time constraints statutorily imposed on our consideration of motions under 28 U.S.C. § 2244(b)(3)(B) permit"). Moreover, Judge Ripple stated that

> [T]he [burglary] statute must include the "element of breaking and entering or similar unlawful conduct." *Descamps*, 133 S. Ct. at 2292[.] . . . My colleagues believe that entering a building "without authority" satisfies this element under *Taylor*. However, the Justices in *Descamps* clarified that generic burglary "requires an unlawful entry *along the lines of* breaking and entering." *Id*. at 2285

> (emphasis added). . . . [I]t is important to note that *neither* of Illinois's burglary statutes require "breaking and entering." Instead, both statutes include the phrase "without authority." . . . In deciding *Descamps*, the Justices quite firmly disapproved of predicating a career offender enhancement on a California statute that, like the Illinois statutes, did not include the generic common law elements of "breaking and entering." *Id*. In addition, the Illinois Supreme Court has declared that the statutory language "without authority" established that a "common-law breaking is no longer an essential element of the crime of burglary." *People v. Weaver*, 41 Ill. 2d 434, 243 N.E.2d 245, 248 (1968); *see also Descamps*, 133 S. Ct. at 2291 ("We may reserve the question whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it."). . . . [E]arlier [Seventh Circuit] cases did not consider the "breaking and entering" element of generic burglary, and may require a reevaluation in light of *Descamps*. After *Descamps*, it is far from clear that entering a building "without authority" constitutes "an unlawful entry along the lines of breaking and entering." *Descamps*, 133 S. Ct. at 2285. It may well be that the amount of force required to constitute a "breaking and entering" under *Descamps* can be minimal, such as picking a lock or breaking a window, but under *Descamps*, the element must be satisfied.

*Id*. at 957–58 (Ripple, J., dissenting). Given Judge Ripple's dissent, Petitioner demonstrates that the question of whether Illinois's burglary statute fulfills *Taylor*'s generic burglary definition after *Descamps* is reasonably debatable. *See Miller-El*, 537 U.S. at 336. As a result, the Court grants Petitioner's request for a certificate of appealability for the following specific question: whether entering a building or other enumerated structure "without authority," under 720 ILCS 5/19-1, constitutes "breaking and entering or similar unlawful activity" under *Descamps*, 133 S. Ct. at 2292. *See Ramunno v. United States*, 264 F.3d 723, 725 ("[A] certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by [28 U.S.C. § 2253(c)]."). If so, Petitioner's Illinois burglary violation qualified as an ACCA violent felony predicate, making his sentence constitutional.

## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Section 2255 motion, but grants his request for a certificate of appealability.

DATED: April 11, 2016

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge